UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CAUSE NO. 1:16-cr |
| ) | |
| DONNIS MIZELLE, ) | 1:16-cr-0170 SEB-MJD |
| ) | |
| Defendant. ) | |

FILED AUG 16 2016 U.S. CLERK'S OFFICE INDIANAPOLIS, INDIANA

### INFORMATION

The United States Attorney charges that:

### COUNT 1
### 18 U.S.C. § 1343
### (Wire Fraud)

1. The Defendant, DONNIS MIZELLE, a resident of Avon, Indiana, served as the Chief Executive Officer of Company A, an electric utility cooperative based in Hendricks County, Indiana, which is in the Southern District of Indiana.

2. As Chief Executive Officer, MIZELLE was paid a salary and permitted to seek reimbursement from Company A for legitimate business expenses that MIZELLE incurred. To obtain reimbursement, MIZELLE submitted expense reports that provided information about the good or service that he purchased. MIZELLE was not entitled to reimbursement for personal expenses.

3. Beginning on or before January 1, 2009 and continuing until on or around March 2, 2015, MIZELLE knowingly engaged in a scheme to defraud Company A by making numerous false entries on expense reports to obtain fraudulent reimbursement payments for a wide range of personal expenses, including jewelry; flights and lodging for family vacations; tickets to Indiana

SCANNED

Pacers, Indianapolis Colts, and Indianapolis Indians games; smartphones, tablets, GPS devices, and other electronics; payments to sports organizations that MIZELLE's family participated in; clothing and athletic apparel; meals at restaurants; and food from grocery stores.

4.   Specifically, to induce Company A to make reimbursement payments, MIZELLE's false expense report entries contained false descriptions of the goods and services he purchased and concealed the personal nature of the purchases.   For example:

  a.   On or around April 30, 2009, MIZELLE submitted an expense report that claimed $654.10 in reimbursable business expenses for entertainment at an Indianapolis Indians baseball game when in fact, as MIZELLE well knew, the claimed amount was related to MIZELLE's purchase of a black sapphire bracelet and a Montblanc pen from a local jewelry store.

  b.   On or around January 31, 2013, MIZELLE submitted an expense report that sought $1,772.40 in reimbursement for "flights self, directors NRECA" when in fact, as MIZELLE well knew, the claimed amount was related to the purchase of airline tickets for MIZELLE, his wife, and his son to travel to Orlando, Florida for a personal vacation. On the same expense report, MIZELLE sought reimbursement for "hotel energy conference" when in fact, as MIZELLE well knew, the claimed amount was related to the purchase of a hotel at Universal Studios in Orlando, FL where his family traveled for a personal vacation.

  c.   On or around November 30, 2011, MIZELLE submitted an expense report that claimed $529.65 in reimbursable business expenses for the purchase of computer equipment when in fact, as MIZELLE well knew, the claimed amount was related to MIZELLE's purchase of athletic apparel from a local sports retailer.

      d.      On or around January 31, 2012, MIZELLE submitted an expense report that claimed $19.59 in reimbursable business expenses for a lunch meeting when in fact, as MIZELLE well knew, the claimed amount was related to MIZELLE's purchase of pizza delivery for his family during the evening.

      e.      On or around October 8, 2014, MIZELLE submitted an expense report that claimed $1,250 in reimbursable business expenses for the sponsorship an industry dinner when in fact, as MIZELLE well knew, the claimed amount was related to MIZELLE's purchase of a Eurail train pass for an upcoming vacation.

5.      In total, throughout the scheme to defraud, MIZELLE made numerous of false and fraudulent entries on expense reports and, as a result of those false and fraudulent entries, caused a loss to Company A of hundreds of thousands of dollars.

6.      Accordingly, beginning on or before January 1, 2009 and continuing until on or around March 2, 2015, in the Southern District of Indiana and elsewhere, the Defendant, DONNIS MIZELLE, did knowingly and with intent to defraud, devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made.

7.      Specifically, on or about October 6, 2014, the Defendant, DONNIS MIZELLE, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, to wit: an online purchase from Eurail.com, located in Utrecht, Netherlands, in the amount of $1,259.00

using his personal American Express account, located in Dallas, Texas, card number 3715-660031-91005.

All of which is in violation of Title 18, United States Code, Section 1343.

_[signature]_
JOSH J. MINKLER
United States Attorney

STATE OF INDIANA        )
                        )  SS:
COUNTY OF MARION        )

Nicholas J. Linder, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

_____
Nicholas J. Linder
Assistant United States Attorney

Subscribed and sworn to before me, a notary public, on this 15th day of August, 2016.

_____
Guey Jen Yang
Notary Public

My Commission Expires:

June 27, 2022

My County of Residence:

Hendricks

5